Herbert W. BEALL
v.
The UNITED STATES.
No. 48–58.

United States Court of Claims.
May 9, 1962.
Rehearing Denied July 18, 1962.

A. Yates Dowell, Jr., Washington, D. C., for plaintiff. A. Yates Dowell, Washington, D. C., was on the briefs.

G. M. Paddack, Washington, D. C., with whom was Asst. Atty. Gen. William H. Orrick, Jr., for defendant.

WHITAKER, Judge.

This is a suit for infringement by defendant of plaintiff's patent No. 2,335,-474 on apparatus designed to counteract the flow of blood from the head of the pilot of an airplane, caused by sharp changes in its direction, such as pulling out of a steep dive or a sharp bank.

Defendant says plaintiff's patent is invalid because anticipated by the prior art, and that, if valid, it has not infringed it. Our Trial Commissioner finds it is anticipated by the prior art, but that if held to be valid, it has been infringed by defendant. We agree with the Commissioner that it was anticipated by the prior art. Since this is dispositive of plaintiff's action, we do not reach defendant's second defense.

Simply stated, plaintiff's alleged invention consists of a garment which snugly fits the entire body below the neck, or a part of the body, in which there are sack compartments of relatively small area coextensive in length with the body or the body member to be covered, which can be filled with fluid when pressure on the body or the body member is desired. The sack compartments are connected to a reservoir containing the fluid with which the sacks are to be filled, when desired. Between the reservoir and the sacks there is a valve which, when opened, permits the fluid to run into the sack compartments. The filling of the sack compartments stretches the garment and

pulls it tight around the body member not covered by the sack compartments, and thus restricts the flow of blood into this member.

The Patent Examiner repeatedly rejected plaintiff's application because anticipated by the Holste patent No. 2,228,-115, now Reissue No. 22,101 (original application filed October 6, 1937). This would appear to have had some justification, at least. The only difference between the two patents, which we are able to discern, is that Holste called for sack compartments coextensive with the garment around the body member; whereas Beall called for sack compartments of relatively small area, which, through tension on the garment produced by filling the sack compartments, provided the desired pressure. Plaintiff finally persuaded the Examiner that this was a material improvement, because, first, it provided ventilation, said to have been absent in the Holste patent, and, second, it allowed greater mobility for the pilot than the Holste patent.

The Holste patent did provide for ventilation by means of zippers, which permitted opening the garment at various parts of the body, but, of course, the garment could not be opened when pressure was desired, which was throughout the maneuvers of the airplane. The Holste patent did restrict mobility to a considerably greater extent than plaintiff's patent. However, it would seem that it would have been obvious to anyone, certainly to one having ordinary skill in the art at the time of the Beall application, that both greater mobility and more ventilation could be obtained by reducing the area covered by the sack compartments, relying upon the tightening of the garment adjacent to other areas of the body, produced by the filling of the sacks, to supply the needed pressure.

Even if this was not obvious, Poppen, whose patent 2,104,758 was prior to plaintiff's, knew this could be done, because his device called for a fluid-filled sack of an area less than the portion of the body where the pressure was desired. The Poppen device was designed to apply pressure on the abdomen, but the sack compartment did not encircle the entire abdomen. He relied upon the tightening of the abdominal belt, as a result of the filling of the sack, to supply the desired pressure on the front of the abdomen. If this could be done in the case of the abdomen, it could be done, of course, in the case of the other members of the body. The Beall patent does not specify the body member to which the pressure is to be applied, whether to the abdomen, the legs, the torso, the arms, or the entire body, but the principle of the Poppen patent could be applied to any one or more of them. The preferred embodiment of the invention described in the specifications shows coverage of the entire body, as in the Holste patent, but the claims are not so limited, and the claims, not the specifications, determine the extent of the patent grant. At any rate, Poppen showed it was not necessary that the sack compartments should cover the entire area to which pressure was to be applied. Whether Poppen had ventilation in mind, we do not know, but this is the natural result of what Poppen did.

The two features of the Beall patent emphasized by Beall's attorney on the final hearing before the Patent Examiner were greater ventilation and more mobility. On account of these features the Examiner allowed the patent. Restriction of the area to be covered by the fluid-filled sacks provided both, and it seems to us obvious that it would, and, further, that the desired pressure could be obtained over the entire area by the tightening of the garment caused by filling the sack compartments. If this was obvious to one skilled in the art at the time of the Beall application, it was not patentable. Title 35 U.S.C. § 103.

Even if not obvious, it had been previously suggested by the Poppen patent.

The foregoing are the main features of plaintiff's patent which are said to distinguish it from the prior art. Other details are fully covered in the Trial Commissioner's report, which we approve and

adopt, with only minor changes, as the findings of the court. The features of plaintiff's patent by which plaintiff's counsel was able to convince the Examiner it was patentable, and its other features, as, well, are anticipated by the prior art.

Since we are of opinion plaintiff's patent is invalid, we do not consider whether its claims read on defendant's products.

Plaintiff's petition will be dismissed.

It is so ordered.

JONES, Chief Judge, and DURFEE and LARAMORE, Judges, concur.